IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BENJAMÍN CRUZ GONZÁLEZ, et al.,

Plaintiffs

v.                              CIVIL NO. 98-1350 (JAG)

JOHNSON & JOHNSON CO., et al.,

Defendant (s)

---

## REPORT & RECOMMENDATION

Benjamín Cruz González, and his spouse, filed this action for long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, against his former employer, Johnson & Johnson Consumer Products Company (P.R.), Inc. ("CPI"), and the plan administrator, Medical Card Systems, Inc. ("MCS"). Plaintiffs also seek extra-contractual damages for mental anguish in the amount of $20,000.

Co-defendants CPI and MCS moved for summary judgment on the grounds: (1) that MCS' denial of the continuation of Cruz' long term disability benefits and CPI's confirmation of said denial was made in strict compliance with CPI's long term disability Plan and was based on substantial medical evidence; (2) that plaintiff's claim for extra-contractual damages is not actionable under ERISA; and (3) that plaintiffs are not entitled to attorney's fees. (See Docket Nos. 15 and 18). Plaintiffs filed an opposition to co-defendants' summary judgment motion on March 24, 1999. (See Docket No. 19). Co-defendant CPI, in turn, filed a reply to plaintiffs' opposition on April 26, 1999. (See Docket No. 21). On July 28, 1999, plaintiffs filed a surreply to CPI's response. (See Docket No. 22). The matter was referred for report and recommendation on July 3, 2001. (See Docket No. 30).





## STANDARD FOR SUMMARY JUDGMENT

Rule 56(c), of the Federal Rules of Civil Procedure, sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. The critical question in granting or denying a motion for summary judgment is whether a genuine issue of material fact exists. A genuine issue of fact exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. Morris v. Government Dev. Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994); LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993), cert. denied, 511 U.S. 1018 (1994). A fact is material if it might affect the outcome of the suit under the governing law. Morrisey v. Boston Five Cents Sav. Bank, 54 F.3d 27, 31 (1st Cir. 1995); Maldonando-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

On a motion for summary judgment, the court must view all evidence and related inferences in the light most favorable to the nonmoving party. See Springfield Terminal Ry. Co. v. Canadian Pac. Ltd., 133 F.3d 103, 106 (1st Cir. 1997). However, the "Supreme Court has stated that summary judgment is appropriate 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Terry v. Bayer Corp., 145 F.3d 28, 34 (1st Cir. 1998)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). Here, plaintiffs bear the burden of making a showing sufficient to establish a violation of ERISA, namely, that the benefit termination was unreasonable.

In order to aid the court in the daunting task of searching for genuine issues of material fact in the record, this district adopted Local Rule 311.12. See, e.g., Corrada Betances v. Sea-Land Serv., Inc., 248 F.3d 40, 43-44 (1st Cir. 2001); Morales v. A. C. Orssleff's EFTE, 246 F.3d 32, 33-35 (1st Cir. 2001); Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 (1st Cir. 2000). This rule, requires, in relevant part, that a party moving for summary judgment submit, in support of its motion, "a separate, short concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific

98-1350 (JAG) 3

1  reference to the record." Co-defendants submitted the requisite 311.12 statement with their
2  summary judgment motion (See Docket No. 15). Plaintiffs, however, failed to "proffer a comparable
3  statement limning 'the material facts as to which [he] contend[s]... exists a genuine issue to be tried,
4  *properly supported by specific reference to the record.'"*. Corrada Betances v. Sea-Land Serv., Inc.,
5  248 F.3d at 43 (citing D.P.R.R. 311.12) (emphasis in original). Instead, plaintiffs included in their
6  opposition to co-defendants summary judgment motion, a section of "undisputed" facts and an
7  "unsworn statement of uncontroverted facts" both of which are devoid of references to the record.
8  (See Docket No. 19).
9  In view of plaintiffs' non compliance with Local Rule 311.12, and the aforementioned
10 summary judgment standard of review, the Court will outline the relevant facts of the case based
11 primarily on the uncontroverted 311.12 statement submitted by defendants and the allegations in the
12 complaint.

## FACTUAL BACKGROUND

15 Plaintiff Cruz worked at CPI from 1979 until early 1988, when he left work due to a health
16 condition resulting from a work-related accident that occurred in 1987. Co-defendant CPI maintains
17 a long-term disability plan (hereinafter "Plan") pursuant to ERISA for its employees, which is
18 administered by co-defendant MCS.[1] In 1988, Cruz successfully applied for disability benefits under
19 CPI's plan, and as a result received disability benefits continuously until November 1, 1997.
20 Initially, Cruz was entitled to receive $813.84 per month ( See Docket No. 15, Exhibit 4). But in
21 1990, Cruz was awarded disability insurance benefits from the Social Security Administration, and
22 as a result, he received $36.84 per month[2] form CPI until November 1, 1997, when his last check

---

[1]  Pursuant to the Administrative Services Agreement between CPI and MCS, MCS (as the plan administrator) has full discretion to accept for processing, authorize and/or deny all claims for benefits under the Plan. (See Docket No. 15, Exhibit 2, at Exhibit B, pg. 1).

[2]  Under the CPI's LTD Plan, when a beneficiary receives Social Security benefits the Plan provides the difference of the original benefits entitlement. In other words, Cruz was entitled to $813.84 under the Plan, but once he qualified for Social Security benefits (in the amount of $777.00 a month), CPI issued Cruz a check for the difference, namely $36.84 per month.

98-1350 (JAG)                                          4

1  under the Plan was issued.

2        The Plan contains a provision whereby the Plan's administrator may review the beneficiary's
3  continued eligibility under the Plan.[3] Pursuant to this provision, in 1996, MCS sought review of
4  Cruz' LTD benefits. As a result, Cruz was referred to Mr. Rafael E. De Jesús ("De Jesús"), a clinical
5  exercise physiologist, for an independent evaluation consisting of a Functional Capacity Test. De
6  Jesús evaluated Cruz on September 17, 1996, and concluded that plaintiff was " able to work at the
7  SEDENTARY Physical Demand Level for an 8 hour day according to the Dictionary of
8  Occupational Titles, U.S. Department of Labor, 1991." (See Docket No. 15, Exhibits 7, 8 and 8A).
9  Upon the request of MCS, Dr. José C. Román De Jesús, an anaesthesiologist certified in Pain
10 Management by the Board of Examiners, reviewed and endorsed the functional capacity evaluation
11 performed by De Jesús (See Docket No. 15, Exhibit 9). Co-defendants allege that they also
12 reviewed the attending physician's statement submitted by Cruz when rendering their decision to
13 terminate plaintiff's benefits under the Plan. (See Docket No. 15, Exhibit 10).

14       On November 21, 1996, Cruz was informed that he would no longer be eligible for long term
15 disability benefits under the Plan as of January 31, 1997, given that he no longer complied with the
16 Plan's definition of "Total Disability."[4] (See Docket No. 15, Exhibit 10). Cruz requested a review
17 of the denial of his long term disability benefits. On April 2, 1997, after a revision of plaintiff's

18

---

19

20  [3] The Plan states in relevant part: "The Company, and its authorized representatives, including without limitation the Claims Service Organization, shall have the right to conduct
21  evaluations of a Participant's medical status and eligibility for benefits under the Plan at any time while an application for benefits is pending, a Participant is receiving benefits or a claim or claim
22  appeal is pending. At the discretion of the Company or its authorized representative, the evaluation may include a medical examination by a Physician selected by the Company or its authorized
23  representative, at the Company's expense." (See Docket No. 15, Exhibit 1, pg. 13).

24
25  [4] The definition of "Total Disability" contained in the Plan states in part: The term "Total Disability" means (a) during the portion of any period of disability **not exceeding 24
26  months**, plus the duration of the Elimination Period, the complete inability of the Participant, due to Sickness or Injury, to perform the duties of the Participant's **regular job, and** (b) during the
27  remainder, if any of the period of disability, the complete inability of the Participant, due to Sickness or Injury, to do **any job** for which the Participant is (or may reasonably become) qualified by
28  training, education, or experience. (Emphasis on the original).

98-1350 (JAG)                                    5

1  appeal, MCS notified Cruz of its decision to uphold its original determination. Cruz, once again,

2  appealed MCS' determination. In accordance with the provisions of the Plan, MCS referred Cruz'

3  appeal to the Johnson & Johnson Disability Review Committee.[5]  On August 27, 1997, the

4  Committee informed Cruz that the existing medical documentation, including the independent

5  Functional Capacity Evaluation performed on September 17, 1996, by De Jesús, did not support his

6  claim that he was totally disabled from any occupation as defined in the Plan, and upheld MCS'

7  decision denying Cruz' long term disability benefits. (See Docket No. 15, Exhibit 12). All decisions

8  of the Committee are final and binding in accordance with ERISA.

## ERISA

It is undisputed that CPI's long term disability benefits plan is governed by ERISA. "ERISA is a comprehensive and reticulated statute [governing] the rights and responsibilities of parties in relation to employee pension and welfare plans." Terry v. Bayer Corp., 145 F.3d at 34 (internal citations and quotations omitted). ERISA contains a "carefully drafted remedial scheme that catalogues parties who may pursue civil actions to redress . . .violations" under the statute. State Street Bank and Trust Co. v. Denman Tire Corp., 240 F.3d 83, 88 (1st Cir. 2001); 29 U.S.C. § 1132(a).

### I. Plaintiff's claim for extra-contractual damages

Under 29 U.S.C. § 1132(a)(3)(B), a beneficiary may bring a civil action "to obtain other appropriate equitable relief" to address violations of ERISA or to enforce the Plan. In Varity Corp. v. Howe, 516 U.S. 489 (1996), the Supreme Court interpreted the aforementioned provision as permitting equitable relief against a plan administrator for breaches of fiduciary duty imposed on

---

[5] The Committee evaluates and reviews, among others, its affiliated companies' long term disability benefit denials and terminations. The Committee is compromised of one physician specialized in occupational medicine, and two (2) registered nurses, one of which is a certified occupational health nurse. The members of the Committee are all Johnson & Johnson employees. There are also two (2) alternate members and various ad hoc members who are consulted if the decision requires their areas of expertise or in the absence of one of the three (3) key members.

98-1350 (JAG)                                                   6

such administrators by ERISA. This provision, though, is "expressly limited to providing equitable relief." Turner v. Fallon Community Health Plan, Inc., 127 F.3d 196, 198 (1st Cir. 1997). Cruz, in his complaint is asking for extra-contractual damages. "ERISA does not create compensatory or punitive damage remedies where an administrator of a plan fails to provide benefits under the plan." Id.; Medina v. Anthem life Ins. Co., 983 F.2d 29, 32 (5th Cir. 1993). See also Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 148 (1985). In view of the aforementioned, plaintiff Cruz' claim for extra-contractual damages is not proper under ERISA.

## II. Plaintiff's denial of continued LTD benefits under the Plan

"A district court reviews ERISA claims arising under 29 U.S.C. § 1132(a)(1)(B) *de novo* unless the benefits plan in question confers upon the administrator 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 583 (1st Cir. 1993)(citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). "When a Plan Administrator has discretion to determine an applicant's eligibility for benefits, . . . the administrator's decision must be upheld unless 'arbitrary, capricious, or an abuse of discretion.'" Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 29-30 (1st Cir. 2001)(citing Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 183 (1st Cir. 1988)); see also, Pari-Fasano v. ITT Hartford Life and Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000); Doe v. Travelers Ins. Co., 167 F.3d 53, 56-57 (1st Cir. 1999). The record shows, that co-defendant CPI granted discretion to co-defendant MCI to determine beneficiary's eligibility under the Plan. (See Docket No. 15, Exhibit 2, at Exhibit B). It thus follows, that MCI's decision to terminate Cruz' LTD benefits needs to be reviewed only for an abuse of discretion, applying the arbitrary and capricious standard set forth in Doyle v. Paul Revere Life Ins. Co., 144 F.3d at 184.

An administrator's decision will be upheld if it is reasoned and "supported by substantial evidence in the record". Id. (quoting Associated Fisheries of Maine, Inc. v. Daley, 127 F.3d 104, 109 (1st Cir. 1997)). "Evidence is 'substantial' if it is reasonably sufficient to support a conclusion. . . .Moreover, the existence of contradictory evidence does not, in itself, make the administrator's decision arbitrary." Vlass v. Raytheon Employees Disability Trust, 244 F.3d at 30 (citations

98-1350 (JAG) 7

omitted). The burden is on the claimant, in this case Cruz, to show that the insurer's decision to terminate disability benefits under the Plan was improperly motivated. See Pari-Fasano v. ITT Hartford Life and Accident Ins. Co., 230 F.3d at 418.

Plaintiff Cruz contends that co-defendants violated ERISA because the decision to terminate his LTD benefits was based primarily on the information contained in De Jesús' functional capacity evaluation, and Cruz was not asked to submit any additional evidence.[6] Plaintiff's arguments are misguided. Plaintiff Cruz has not presented medical evidence to contradict or rebut the medical evidence reviewed by MCI in determining his ineligibility for LTD benefits. In fact, the only piece of medical evidence submitted by Cruz is a psychiatric report by Dr. José Rodríguez Cay, dated March 11, 1999. (See Docket No. 19, Exhibit 2). Certainly, MCI and CPI (during the appeal's process) could not have considered the aforementioned report of 1999 given that Cruz' benefits were terminated in 1997. Cruz has failed to present evidence in support of his claim of total disability, and thus can not expect this Court to find that co-defendants abused their discretion when they decided that Cruz was no longer eligible for LTD benefits. See, e.g., Vlass v. Raytheon Employees Disability Trust, 244 F.3d at 30-32 (discussing the evidence that the beneficiary brought forth in an effort to contradict the plan administrator's findings).

In conclusion, plaintiff Cruz' failure to present evidence demonstrating that co-defendants' decision was unreasonable, capricious, or in bad faith, coupled with the fact that the existing medical documentation presented by co-defendants does support the conclusion that Cruz was no longer "totally disabled" as defined in the Plan, requires this Court to enter summary judgment in favor of defendants.[7]

---

[6] In its opposition, Cruz suggests that co-defendants violated ERISA by not asking him to produce evidence during the review of his continued eligibility under the Plan. This argument is ludicrous considering the fact that Cruz successfully received LTD benefits for an extended period of time (thus knowing the appropriate procedures to apply and receive benefits), and he had the opportunity to request two appeals for MCI's original determination. The record does show that Cruz was informed of his right to appeal MCI's denial of benefits, but it lacks any evidence of what steps, if any, Cruz took to submit further evidence in aiding the appeals process.

[7] Plaintiff Cruz has failed to bring forth an actionable claim under ERISA, and thus is not entitled to attorneys' fees and costs.

98-1350 (JAG)                                          8

## CONCLUSION

In view of the aforementioned, this Court recommends that co-defendants' motion for summary judgment (Docket No. 15) be **GRANTED,** and plaintiffs' complaint be **DISMISSED in its ENTIRETY.**

Under the provisions of Rule 510.2, Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

In San Juan, Puerto Rico, this 23rd day of August, 2001.

GUSTAVO A. GELPÍ
United States Magistrate Judge